IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

| | |
|---|---|
| THOMAS W. CAMERON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-1116 |
| ) | |
| JOHN E. POTTER, ) | |
| Postmaster General, ) | |
| U.S. Postal Service, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

This matter comes before the Court on Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff filed suit against Defendant alleging employment discrimination in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-634 (2000), and the Rehabilitation Act of 1973 (RA), 29 U.S.C. §§ 701-796*l*. Specifically, Plaintiff alleges that Defendant subjected him to employment discrimination by terminating his employment because he missed work for necessary medical visits. The Court has jurisdiction over Plaintiff's claim pursuant to 28 U.S.C. § 1331.

Plaintiff is a resident of Manassas, Virginia, and is a citizen of the Commonwealth of Virginia. Plaintiff is a fifty-six-year-old man, and claims to suffer from permanent mild mental

retardation. Defendant serves as Postmaster General, United States Postal Service (USPS), and is being sued in his individual capacity. From 1972 to 2002 Plaintiff worked for USPS as a custodian in its Merrifield, Virginia, Processing and Distribution Center. Plaintiff's employment with the USPS was terminated on July 14, 2002, for unsatisfactory attendance.

In 2003 Plaintiff initiated an EEOC complaint against the USPS for employment discrimination based upon his age (56) and alleged disability (permanent mild mental retardation). Plaintiff received a right to sue letter regarding his EEOC age and disability claim on May 20, 2004. Later, Plaintiff filed another EEOC complaint against the USPS, this time alleging employment discrimination based upon his race (white). Plaintiff received a right to sue letter regarding his EEOC race claim on June 30, 2005. Plaintiff filed the present lawsuit against Defendant on September 26, 2005, alleging employment discrimination based upon his age and alleged disability.

When deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), courts must review all well plead allegations contained in a plaintiff's complaint to determine whether such allegations could possibly entitle the plaintiff to the relief it seeks. Migdal v. Rowe Price-Fleming Int'l, Inc., 248 F.3d 321, 325-26 (4th Cir. 2001). While courts must view the allegations contained in a plaintiff's complaint in the light most favorable

to the plaintiff, E. Shore Mkts., Inc. v. J.D. Assoc. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000), courts need not credit conclusory legal terms and allegations that are not reasonably supported by factual allegations. Taubman Realty Group Ltd. P'ship v. Mineta, 320 F.3d 475, 479 (4th Cir. 2003); Young v. City of Mt. Ranier, 238 F.3d 567, 577 (4th Cir. 2001). When it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief, the complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

Congress has enacted broad regulations over employment discrimination suits brought under the ADEA and/or the RA. Once an individual receives a right to sue letter from the EEOC, as did Plaintiff in 2004 and 2005, he has ninety days to file a claim in federal court if he so chooses. 42 U.S.C. § 2000e-16(c); see also 29 C.F.R. § 1614.407(a) (applying the ninety-day rule to ADEA claims pursuant to 29 U.S.C. § 628); 29 U.S.C. § 794a(a)(1) (applying procedural requirements of 42 U.S.C. § 2000e-16(c) to RA claims). If a claim is not filed within ninety days, then the individual loses the right to pursue his employment discrimination claim in federal court unless a court decides to equitably toll the ninety-day time requirement. See Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 95-96 (1990).

Plaintiff's Complaint should be dismissed because it is untimely. Plaintiff's Complaint was filed on September 26, 2005, more than a year after he received the May 20, 2004, right to sue letter regarding his EEOC age and disability claim. While Plaintiff did receive a June 30, 2005, right to sue letter regarding his EEOC race discrimination claim, it is irrelevant. Plaintiff's Complaint does not allege employment discrimination based upon race, rather it alleges employment discrimination based upon age and disability. Therefore, only the May 20, 2004, right to sue letter could be the basis for Plaintiff's Complaint, and Plaintiff's Complaint was not filed within ninety days of Plaintiff's receipt of that letter.

Plaintiff's Complaint should also be dismissed because Plaintiff has not presented sufficient evidence for the Court to equitably toll the ninety-day rule. The Supreme Court has held that the time requirements placed on the filing of employment discrimination claims can only be equitably tolled in certain circumstances.

> Federal courts have typically extended equitable relief only sparingly. We have allowed equitable tolling in situations where the [plaintiff] has actively pursued his judicial remedies by filing a defective pleading during the statutory period or where the [plaintiff] has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been much less forgiving in receiving late filings where the [plaintiff] failed to exercise due diligence in preserving his legal rights.

Irwin, 498 U.S. at 96 (citations omitted). Plaintiff has

4

introduced no evidence that he actively pursued his judicial remedies by filing a defective pleading during the ninety-day period after he received the May 20, 2004, right to sue letter; or that the USPS engaged in misconduct that caused him to miss the filing deadline. Id. Therefore, Plaintiff is not entitled to equitable tolling of the ninety-day rule.

Plaintiff, however, argues that the ninety-day rule should nevertheless be tolled because he suffers from permanent mild mental retardation. While it appears that neither the Supreme Court nor the Fourth Circuit Court of Appeals has held that a plaintiff's mental illness is grounds for equitable tolling, other courts have. Those courts that have recognized equitable tolling based on mental illness have generally held that the mental illness must "prevent the sufferer from managing his own affairs and understanding his legal rights and acting upon them." Miller v. Runyon, 77 F.3d 189, 191-92 (7th Cir. 1996); see also Lawson v. Glover, 957 F.2d 801, 805 (11th Cir. 1987); Helton v. Clements, 832 F.2d 332, 336 (5th Cir. 1987); Lopez v. Citibank, N.A., 808 F.2d 905, 906-07 (1st Cir. 1987).

Even if equitable tolling for mental illness was accepted in this circuit, there is no evidence that Plaintiff would meet the standard(s) used by other courts. Plaintiff has introduced no evidence that he suffers from permanent mild mental retardation, let alone that this alleged mental illness prevented him from

5

managing his own affairs, understanding his legal rights, acting upon those rights, or effected him in any adverse manner. Therefore, Plaintiff is not entitled to equitable tolling of the ninety-day rule.

    An appropriate order shall issue.

/s/
_____
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
January 10, 2006